UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROSA LOMBARDI and MARIA FISHMAN,

                    Plaintiff(s),                **ORDER**
                                                  CV06-3158 (JFB)(WDW)

         -against-
HUGUETTE DESAMEAU,

                    Defendant(s).
-----------------------------------------------------------------X

**WALL, Magistrate Judge:**

      This action, which was removed from New York state court, is a personal injury action based on an automobile accident involving the parties. After the accident, the defendant, Huguette Desameau, relocated to Florida. The action was removed to this court in June 2006. Desameau died in Florida in December 2006. *See* DE [7]. Before the court is the plaintiffs' motion pursuant to Federal Rule 25, for an order substituting GEICO Insurance, the deceased defendant's automobile insurer, and/or James G. Bilello & Associates, her attorneys in this lawsuit, as Temporary Guardian ad Litem for Huguette Desameau. The defendant opposes the motion and argues that the relief requested by the plaintiff is outside the scope of Rule 25. The court disagrees, and the motion is granted, to the extent that defendant GEICO Insurance be substituted as a "proper party" under Rule 25.

      Rule 25 allows the federal court to substitute a "proper party" where a party to an action has died during the pendency of the action. Fed. R. Civ. P. 25 (a) (1). The plaintiffs argue that when a plaintiff limits himself to insurance policy proceeds, under New York law a court can appoint a temporary guardian ad litem for the estate of the decedent and substitute that temporary administrator for the deceased party to a lawsuit. Pasik Decl., DE [8], ¶9. *See, e.g., Harding v. Noble Taxi Corp.,* 547 N.Y.S. 2d 29 (1st Dep't 1989) (New York Supreme Court, not only Surrogates Court, had right to appoint personal representative for deceased party); *Vatan v.*

*Schmerler,* 586 N.Y.S. 873 (Sup. Ct. Queens Co. 1992) (same). The Second Circuit has held that Rule 25 permits the substitution of personal representatives of non-resident as well as resident decedents. *See Iovino v. Waterson,* 274 F.2d 41, 43 (2d Cir. 1959).

The defendants suggest that the appropriate course of action is for the plaintiffs to retain Florida counsel and have a personal representative appointed pursuant to Florida law. Kondulis Aff. DE[9] at p. 3. Plaintiffs' counsel argues that, under Rule 25, substitution can be made for an out-of-state decedent without resort to the courts of the state in which the decedent was a resident, relying on *Aptacy v. H.J. Giorji, Inc.,* 124 Misc. 2d 175 (Sup. Ct. Kings Co. 1984). Pasik Reply Decl. DE[10] ¶3. In *Aptacy,* a defendant in a negligence lawsuit pending in a New York state court died and was buried in South Carolina, where his next of kin resided. 124 Misc. 2d at 175. Holding that "it would be futile to send plaintiff to a forum in South Carolina, where the deceased defendant's next of kin reside, and the proceedings would be greatly delayed by the jurisdictional requirements of notice to out-of-State persons while the action would be unfairly dormant," the Supreme Court, King's county, appointed a substitution, provided that the plaintiff limited his recovery to the proceeds of the insurance policy. *Id.* The court also noted that *Aptacy* was an action in which the defendant's attorney had been retained by an insurance carrier who had "no real interest in substituting a representative in order for the action to proceed." *Id.* at 176.

While there is no clear indication in *Aptacy* as to whether the decedent was an in-state or out-of-state resident, this court will follow the common sense approach set forth in that case. As in *Aptacy,* forcing the plaintiffs to go to Florida to seek out Ms. Desameau's next of kin, who have no interest in this lawsuit (assuming that such next of kin exist), would be a waste of time and money, especially where, as here, as in *Aptacy*, the plaintiffs will limit any potential recovery to

the insurance policy and the defense attorney works for GEICO, which has "no real interest in substituting a representative in order for the action to proceed." *Id.* at 176.

Thus, GEICO should be substituted as the real party in interest for the deceased Huguette Desameau and the caption should be adjusted accordingly.

Dated: Central Islip, New York              **SO ORDERED:**
       August 27, 2007

                                         /s/ William D. Wall
                                         WILLIAM D. WALL
                                         United States Magistrate Judge