UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————

№ 06-CV-3158 (JFB) (WDW)

———————————————

Rosa Lombardi and Maria Fishman,

Plaintiffs,

versus

Huguette Desameau,

Defendant.

———————————————

MEMORANDUM AND ORDER
November 1, 2007

———————————————

Joseph F. Bianco, District Judge:

By application dated September 4, 2007, counsel for defendant appealed an Order, dated August 27, 2007 (the "Order), of the Honorable William D. Wall, United States Magistrate Judge, granting plaintiffs' motion to the extent that Government Employees Insurance Company ("GEICO") would be substituted as a "proper party" under Rule 25 of the Federal Rules of Civil Procedure due to the death of defendant Desameau in Florida in December 2006. More specifically, counsel for the defendant objected to the Order, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, arguing that the order should be set aside "since the order is not within the scope of FRCP Rule 25, since no proper notice was given as required by FRCP Rule 25, that substituting GEICO as the defendant in this action would violate New York's substantive law on direct actions as set forth in Insurance Law Section 3420(a)2 and since it would conflict with Federal Rule of Evidence 411 at time of trial." Objections to Order, at 2. Plaintiffs cross-moved for a remand to state court because plaintiffs had agreed, since removal of the action to federal court, to limit their recovery to the maximum amount of the insurance policy, which is $50,000. This Court heard oral argument on October 25, 2007.

For the reasons set forth on the record on October 25 and discussed below, the thorough and well-reasoned Order of Magistrate Judge Wall is affirmed. However, given the concerns raised by counsel for defendant under New York insurance law in connection with substituting an insurance carrier for the deceased defendant, the Court will modify the Order to substitute counsel for defendant (James G. Bilello & Associates) as temporary guardian ad litem, instead of GEICO. That

modification, which was the alternative substitution sought by plaintiffs in the initial motion, will render moot counsel for defendant's concerns about the GEICO substitution. Moreover, for the reasons set forth below, plaintiffs' motion for remand is denied.

I. BACKGROUND

This personal injury action related to injuries allegedly suffered by plaintiffs in a motor vehicle accident which occurred on December 12, 2003. The action was commenced on August 29, 2005, in the Supreme Court of the State of New York for the County of Kings.

At the time of commencement of the state action, plaintiffs were New York residents and defendant was a Florida resident. The amount in controversy was not clearly stated in the summons and complaint and, after a specific demand for relief was made by the defendant, plaintiffs served a response on or about June 5, 2006, in which damages were alleged in the amount of $2,100,000. The case was then removed by the defendant to this Court on June 27, 2006.

In December 2006, during the discovery phase of the lawsuit, the defendant died in Florida. On June 12, 2007, plaintiffs' counsel filed a motion to substitute counsel for the defendant as the defendant in the action or, in the alternative, to substitute the decedent's insurance carrier – namely, GEICO – as the defendant. Defendant's counsel opposed the motion. On August 27, 2007, Magistrate Judge Wall issued an order directing that GEICO be substituted for Huguette Desameau as the defendant. Counsel for defendant filed timely objections to that Order.

II. OBJECTIONS TO THE ORDER

Under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), a district court should only reverse a magistrate judge's pre-trial order as to a non-dispositive manner only where it is "clearly erroneous or contrary to law." *Care Envtl. Corp. v. M2 Techs., Inc.,* No. 05-CV-1600 (CPS), 2006 WL 1517742, at *2 (E.D.N.Y. May 30, 2006) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990)); *see also Jowers v. DME Interactive Holdings, Inc.,* No. 00-CV-4753 (LTS), 2006 WL 1408671, at *6 (S.D.N.Y. May 22, 2006). An order may be deemed contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Care Envtl. Corp.,* 2006 WL 1517742, at *2 (citation omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006) (quoting *United States v. U. S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). As set forth below, the Court finds that counsel for defendant has failed to demonstrate that Magistrate Judge Wall's Order was either contrary to law or clearly erroneous. In fact, even under a *de novo* standard, the Court agrees with Magistrate Judge Wall's decision.

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Fed. R. Civ. P. 25(a). Moreover, "[t]he motion for substitution may be made by any party or by the successors or representatives of the deceased party." *Id.* Although counsel for defendant objects to the Magistrate Judge's reliance on New York case

2

law to determine who can be substituted as a proper party, that objection is misplaced. In determining who is a proper party for substitution in a diversity action, a court can look to the state law of the forum state for guidance because "[t]he law of the forum state determines the capacity of the parties to sue and be sued." *Graham v. Henderson,* 224 F.R.D. 59, 64 (N.D.N.Y. 2004) (citing *Collins v. Am. Auto. Ins. Co.,* 230 F.2d 416, 422 (2d Cir. 1956)). Thus, it is not outside the scope of Rule 25 for the court to order the substitution of a proper party that is consistent with applicable state law on who can sue or be sued in connection with a particular cause of action.

Moreover, the Magistrate Judge correctly determined that, under New York law, a substitution could be made for the out-of-state decedent, rather than requiring plaintiff to retain Florida counsel to have a personal representative appointed pursuant to Florida law. Relying on *Aptacy v. H.J. Giorji, Inc.,* 475 N.Y.S.2d 985 (Sup. Ct., Kings County 1984), the Magistrate Judge held that "as in *Aptacy,* forcing the plaintiffs to go to Florida to seek out Ms. Desameau's next of kin, who have no interest in this lawsuit (assuming that such next of kin exist), would be a waste of time and money, especially where, as here, as in *Aptacy*, the plaintiffs will limit any potential recovery to the insurance policy and the defense attorney works for GEICO, which has 'no real interest in substituting a representative in order for the action to proceed.'" Order, at 2-3 (quoting *Aptacy,* 475 N.Y.S.2d at 986); *see also Harding v. Noble Taxi Corp.*, 547 N.Y.S.2d 29, 31 (N.Y. App. Div. 1989) ("[I]n order to avoid delay and prejudice in this action which has been pending for some time and was trial ready, there is no special need to proceed in Surrogate's Court and the Supreme Court should have granted the request for the appointment of a guardian as temporary administrator, and for substitution, thereby permitting the case to proceed expeditiously."); *Batan v. Schmerler,* 586 N.Y.S.2d 873, 874 (Sup. Ct., Queens County 1992) ("If the plaintiffs execute a stipulation that they will limit their recovery as against the estate of [defendant] to the insurance coverage available, the court shall appoint a guardian to act as a temporary administrator of the estate for the purpose of defending this action."). Having carefully reviewed the Order and the objections to any substitution, the Court concludes that Magistrate Judge Wall's analysis is correct under the applicable law and, therefore, the Court will not disturb his holding that another party can be substituted for the decedent as a temporary guardian ad litem under such circumstances.

With respect to whether GEICO or counsel for the defendant is the preferable proper party to substitute as temporary guardian ad litem, the Court engaged in discussion regarding this issue with counsel for both sides at the oral argument. Counsel for defendant has concerns that the substitution of GEICO in that role may, among other things, conflict with certain limitations related to direct actions against a liability insurer under New York insurance law. In response to these concerns, plaintiffs' counsel had no objection to modifying the order to substitute counsel for the defendant as the temporary guardian ad litem for decedent. There is certainly support under New York law for such a substitution. *See, e.g., Batan,* 586 N.Y.S.2d at 875 ("The court believes that the proper guardian is [the attorney], who had been the attorney for the decedent, is the attorney for the co-defendant, and is house counsel for Aetna."). Therefore, to avoid any purported problems with

3

substituting GEICO as the proper party, the Court will modify the Order to substitute counsel for the decedent as the temporary guardian ad litem for the decedent, Huguette Desameau.

### III. REMAND MOTION

Plaintiffs seek to remand the case to state court. Specifically, plaintiffs argue that, since plaintiffs have now agreed to be limited to the maximum recovery under the decedent's insurance policy which is below the $75,000 jurisdictional threshold, the case must be remanded to state court. As set forth below, that argument is misplaced and is contrary to well-settled law.

Where a plaintiff has filed a complaint in state court asserting a claim for relief in excess of the minimum federal amount in controversy, he may not later, after removal, amend his complaint or stipulate that he will seek relief in a lesser amount in order to obtain remand to state court. It is well-settled that, even if a plaintiff, "after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also Purple Passion, Inc. v. RCN Telecom Servs.*, 406 F. Supp. 2d 245, 246-47 (S.D.N.Y. 2005) ("'Once a case that has been initiated in state court has been removed properly, subsequent events that reduce the amount recoverable, such as the plaintiff's amendment of the complaint, will not defeat the federal court's subject matter jurisdiction.'") (quoting 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3725 (3d ed. 1998)) (collecting cases). Therefore, plaintiffs' stipulation reducing the amount of damages sought in this case to an amount below the jurisdictional threshold does not thwart federal diversity jurisdiction. Accordingly, the motion for remand to state court is denied.[1]

### IV. CONCLUSION

For the foregoing reasons, Magistrate Judge Wall's August 27, 2007 Order is affirmed. However, the Court will modify the Order to substitute James G. Bilello & Associates as the temporary guardian ad litem for decedent, Huguette Desameau. The caption of the case should be modified accordingly. Plaintiffs' motion for a remand to state court is denied.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: November 1, 2007
Central Islip, NY

\* \* \*

The attorney for plaintiffs is Elliot B. Pasik, Esq., of Eric Green, 295 Madison Avenue, 19th Floor, New York, New York, 10017. The attorney for defendant is John

---

[1] Plaintiffs also requested, in the alternative, that the case be transferred to a federal judge in the Brooklyn courthouse for the convenience of counsel and the plaintiffs. As stated at the conference, that request is also denied. However, should a trial occur in this action, the Court will consider conducting the trial in Brooklyn to avoid any hardships to counsel and the parties.

Kondulis, Esq., of Bilello & Associates, 875 Merrick Avenue, Westbury, New York, 11590.